Fitzsimmons v. New York City District Council of Carpenters and J of Carpenters and J Fitzsimmons v. New York Good morning. May it please the court. My name is Jillian Costello, and I represent the New York City District Council of Carpenters in both matters. I note that in the Spillane matter, Eddie McWilliams is also listed as a defendant appellee, although it does not appear that the claim against him in the court below, which was the prima facie state court law claim, is being appealed here. I do represent the District Council of Carpenters, however. Mr. McWilliams was the Director of Area Standards of the District Council of Carpenters. I think that this court has identified what is the problem with plaintiffs both plaintiffs' appellants' cases and appeals, which is Mr. Spillane and Mr. Fitzsimmons are both really requesting a granular review by the court in a manner which the courts have made very clear from Hardiman on down is not the business of courts. As we've indicated in our papers, as counsel has indicated, the level of review is very limited, and the types of arguments that counsel is making here are the types of arguments which require an analysis of whether someone's work is in the industry considered to fall within the trade jurisdiction based upon, as he says in his papers, the types of clothes someone was wearing, the types of method of payment for their salary and whatnot. And that type of analysis is precisely the type of analysis which the courts have indicated is not the business of federal courts. In terms of whether this court is or the court below was required to sift through the transcript to determine whether in fact there were disagreements or the interpretation of the evidence that was found by the jury panel of union member peers of both of these individuals are correct or incorrect, that is simply not supported. There is no requirement to sift through because what is really being asked is... Well, how else do we determine whether there's some evidence that was presented? Well, in this case, Your Honor, as the court below indicated, counsel's complaint has indicated that there is, that the evidence that was presented against him was as such. And in Fitzsimmons' case, the court noted that plaintiffs there, Mr. Fitzsimmons describes the evidence that was presented against him in his opposition papers. If one goes to those opposition papers, it cites this photograph indicated such and this person was seen doing such. There's disagreements with the testimony, but it's really disagreements about the interpretation. So that in and of itself, Your Honor, if in fact the types of cases in which there has been that type of review, the Vars case upon which plaintiff relies heavily in its papers, for instance, in those cases, there is a very evident sort of on its face indication of whether there was a violation or not. What is being requested here is that there be a reanalysis of the evidence as to whether the trade jurisdiction was violated. And as an overall matter, that is simply not what the courts have, it's not the purview or the mission. In terms of some of the general statements that counsel has made, I would indicate that there is foreman and general foreman are within the trade jurisdiction. There was some indication that they may not be, that they are there must be some evidence that they're working. Quite frankly, there is a lot of evidence in the record. Plaintiff has put in a lot of evidence in the record, and the analysis was done by members who work in the industry and know what it means to work as a foreman or a general foreman. And that's what the courts have indicated. These are private membership organizations, and they are to be governed by the members themselves. And that is what's happened here. In terms of some of the indications, Mr. Fitzsimmons has urged a long request for a review of the charge form that was provided against him. That is not set forth in the amended complaint. The court below properly indicated that he could not amend, through his opposition papers, his amended complaint, and that claim under section 101A.5.A. should not be considered by this court on appeal. And in terms of some of the other, I just have to go through, I would note that on page 7 of Mr. Fitzsimmons' reply brief, he indicated that somehow the union has conceded or asserted that all that was required is that Mr. Fitzsimmons be working in non-union employment. I'm not sure where that is coming from. That was not set forth in our papers. In this case, Mr. Fitzsimmons was charged and convicted of working in the trade jurisdiction of the union. Sure. The district court found in both cases, I guess Spillan for the LMRDA claim and Fitzsimmons for his ERISA ones, that there was a failure to exhaust administrative remedies. My question is, doesn't that mean then that the district court didn't have jurisdiction to reach the merits? And was it error? Should it have dismissed without prejudice at that point, rather than reaching the merits? Well, I think that dismissal without prejudice would have been the equivalent I'm talking about the Spillan case, because I only am covering the unions portion. I'll leave to Mr. Glenn and the funds exhaustion arguments. With regard to the unions portion, dismissal without prejudice would have been the equivalent of dismissal with prejudice quite frankly, because Mr. Spillan had, as he indicated, missed the timelines for filing under the appeal. He would have no appeal remedy. So as a practical matter, it wouldn't have made a difference? Dismissal with prejudice, Your Honor. That's right. Is there anything further? I think that without belaboring the point that this is a prime case where the plaintiff and a plaintiff appellant are requesting that a court second-guess a trial committee's findings and interpretation of evidence, which it is duly  affirm in full the orders and judgments of the District Court below. Thank you, counsel. Mr. Glenn. Good morning, and may it please the Court Marty Glennon for the Defendants, New York City District Counsel, Carpenters, Pension and Welfare Funds. I would just like to correct the record, too. On one of the on the record on appeal, it indicates the annuity fund for Spillane. There was no annuity fund. I assume that was made in error. Generally, I have nothing else to add other than what the Court has already highlighted in terms of the claims against the funds. Himeshoff is the leading case, and subsequently in Tuminello where the decision was nine months, they had nine months in which to do the appeal, and the lower court, Southern District agreed that that was sufficient and reasonable time. So, having heard the arguments that counsel made, there isn't much more that he raised on behalf of the funds in dispute, so we'll rest on our arguments in a brief unless the Court has any other questions. Thank you, counsel. Thank you. We'll hear a rebuttal. Yes, first in response to the court's earlier question about the Spillane appeal is on page 832, paragraph 104 of the record. Spillane FedEx is appealed to UBC on October 2nd, but his appeal was untimely. You know, maybe we've lost, maybe I've lost sight of something because he didn't raise it, but what's going on in this case is framed by the complaint, and in the complaint we allege something that's really not an internal union matter, and that is that the union are going after benefit assignments, not because they're foremen, but because they work for large non-union contractors that the union failed to organize. Right, but even if that, if your view of that is correct, that's not what's actionable here. I mean, the fact that a lot of what you're saying to me sounds like, you know, policy arguments, which may or may not be solid in terms of the unfairness of the system, or the bad, potential bad motivations of some of these actors, but that's not that, that isn't something that entitles your clients to relief here. What entitles the client to relief is, is very clear under LMRDA, that there has to have been some evidence insofar as the LMRDA claim, and there has to have been substantial evidence under ERISA showing that they did what they're accused of being doing. This goes to fundamental fairness, and that requires a review by this court of the trial transcript. These are not policy arguments. You're charged with something, you have to understand what you're being charged with, whether you're being charged with an offense or not. I mean, what are you charging me with? When he had that interview with the OIG investigators, I have no idea what you're charging me with. I know that I can work as a manager for a non-union company, so the charge form didn't really tell him he was violating anything. And then you have a trial where there's just no evidence that he was working as a foreman carpenter. In fact, the prosecutor starts the trial with Patrick Spillane, Local 157, working as a foreman for a large non-union contractor. So he's telling the trial committee we have to show he's a foreman. There's no evidence, not even some evidence, that he was a working carpenter. And the standard, again, is even higher because based on the own disqualification of words of the pension funds, he had to have been working under the union's trade jurisdiction or collective bargaining jurisdiction. You know, if you're not being held to your own words and your own standards, then where's the fundamental fairness? It's just not there. And that's a clear violation of LMRDA. No further questions. Thank you, counsel. Thank you all. We'll take the case under advisement.